**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger C. Romero, ) | No. CV 05-2231-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Wilson Elementary School District No. 7,) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff commenced this action by filing a complaint in the Superior Court of Maricopa County, State of Arizona, asserting a federal claim for violation of constitutional rights under 42 U.S.C. § 1983 and state law claims based on Arizona law. Defendants filed an answer while the case was in state court and then removed the action to this Court based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441 and the exercise of supplemental jurisdiction under 28 U.S.C. § 1367. The Court has entered a Scheduling Order under Fed.R.Civ.P. 16. The Scheduling Order set April 28, 2006 as the date for filing motions pursuant to Fed.R.Civ.P. 12(b), motions to amend the complaint and motions to join additional parties. (Doc. 10).

On April 28, 2006, Plaintiff filed an amended complaint. (Doc. 11). On the same date the amended complaint was filed, Defendants filed a motion to strike the amended complaint and jury trial demand. (Doc. 12). Plaintiff has filed a response opposing the motion to strike

1   in which Plaintiff appears to join a motion for leave to file first amended complaint.  (Doc.
2   13).  Defendants have not filed a reply.

3         Defendants seek to strike the amended complaint because an answer has been filed
4   and Plaintiff did not seek leave to file the amended complaint and Defendants have not
5   consented to the amendment.  Defendants also move to strike Plaintiff's jury trial demand set
6   forth in the amended complaint as not timely or properly made.

7         Under Federal Rule of Criminal Procedure 15(a) a party may amend the party's
8   pleading once as a matter of course at any time before a responsive pleading is served.
9   Otherwise a party may amend the party's pleading only by leave of court or by written
10  consent of the adverse party.  Fed. R. Civ. P. 15(a).  In addition, the Rule 16 Scheduling
11  Order set April 28, 2006 as the date for filing motions to file amended pleadings.  An answer
12  has been filed.  Plaintiff did not seek leave of Court before filing his amended complaint.

13        In his opposition response, Plaintiff states that he assumed there would be no
14  objection to the amended complaint and that he neglected to file a motion seeking leave to
15  amend.  Plaintiff argues that leave to file an amended complaint should be freely given when
16  justice so requires. Plaintiff in his response appears to be seeking leave to file an amended
17  complaint by further contending that granting permission to file the amended complaint will
18  not prejudice the Defendants.

19        Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given
20  when justice so requires" and this policy "'is to be applied with extreme liberality.'"  Owens
21  v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo
22  Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Inferences should
23  be drawn "in favor of granting the motion" to amend.  Griggs v. Pace American Group, Inc.,
24  170 F.3d 877, 880 (9th Cir. 1999).  The Court considers a motion requesting leave to amend
25  the complaint in the context of the relevant factors of bad faith, undue delay, prejudice to the
26  opposing party, and/or futility. Owens, 244 F.3d at 712. Defendants have not filed a reply
27  that opposes Plaintiff's belated request to file an amended complaint. Under these
28  circumstances, and to prevent further delay of the proceedings, the Court will grant Plaintiff's

1 belated motion to file an amended complaint. Defendants' motion to strike the amended
2 complaint based on lack of Defendants' consent and Plaintiff's failure to seek leave of Court
3 to file the amended pleading is denied.

4       Plaintiff is required to comply with the Rule 16 Scheduling Order entered by this
5 Court.  Plaintiff is reminded of the obligation to comply with the Federal Rules of Civil
6 Procedure and the Local Rules of Practice of the United States District Court for the District
7 of Arizona.  The Court will require Plaintiff to comply with LRCiv 15.1  by filing a notice
8 that states in what way the amended complaint differs from the pleading which it amends and
9 by attaching as an exhibit to that notice a copy of the amended complaint which contains the
10 bracketed or stricken through text to be deleted and which underlines the text to be added.
11 Plaintiff shall file such notice and exhibit within five days of the filing date of this Order.
12 Defendants may file an appropriate response to the amended complaint on or before
13 September 8, 2006.

14       Defendants have moved to strike Plaintiff's jury demand because the demand was
15 endorsed on the complaint filed in state court and failed to comply with Arizona Rules of
16 Civil Procedure 38.  Arizona's Rule 38 provides that a jury demand may be made by serving
17 such demand on the other party and that the demand should not be endorsed on the pleading.
18 In contrast, Fed.R.Civ.P. 38(b) permits a jury trial demand to be "indorsed upon a pleading
19 of the party."  Plaintiff's jury trial demand has been endorsed upon the amended complaint
20 and has been set forth in the body of the amended complaint at paragraph 117.

21       Plaintiff has referred the Court to <u>Lutz v. Glendale Union High School</u>, 403 F.3d 1061
22 (9th Cir. 2005).  In <u>Lutz</u>, the Ninth Circuit noted that the plaintiff would not have had to
23 request a jury trial after removal if her state complaint already contained a jury demand that
24 would have satisfied Fed.R.Civ.P. 38(b). <u>Id</u>., at 1064.  The appellate court cited <u>Mondor v.
25 United States Dist. Court</u>, 910 F.2d 585, 587 (9th Cir. 1990), as holding that "[w]here a pre-
26 removed jury demand would satisfy federal ... requirements, that demand is incorporated into
27 the federal record upon removal, and is deemed to satisfy [Fed.R.Civ.P.] 38(b)."  <u>Id</u>.  As
28 mentioned, Defendants have not filed a reply to Plaintiff's response.

1   Plaintiff's jury trial demand endorsed on his complaint filed in state court satisfies
2 Fed.R.Civ.P. 38(b).  The demand was incorporated into the federal record upon removal.
3 Defendants' motion to strike Plaintiff's jury trial demand is denied.
4   **Accordingly**,
5   **IT IS ORDERED** that Defendants' motion to strike Plaintiff's amended complaint and
6 jury trial demand (Doc.  12) is denied.
7   **IT IS FURTHER ORDERED** that within five days of the filing date of this Order
8 Plaintiff shall file a notice that states in what way the amended complaint differs from the
9 pleading which it amends and by attaching as an exhibit to that notice a copy of the amended
10 complaint which contains the  bracketed or stricken through text to be deleted and which
11 underlines the text to be added.
12   **IT IS FURTHER ORDERED** that Defendants may file an appropriate response to
13 the amended complaint no later than September 8, 2006.
14   DATED this 15th day of August, 2006.

_____
Mary H. Murguia
United States District Judge